HALL, Judge.
Plaintiff Henry Wilson, as beneficiary named in a funeral insurance policy issued to his mother, Mary Smith, by defendant Reliable Life Insurance Company, brought suit against defendant to recover the sum of $112.50 allegedly due under the terms of the policy, together with statutory penalties and attorney’s fees for defendant’s alleged arbitrary refusal to pay. Defendant answered denying liability under the policy because it was not given an opportunity to provide the funeral services stipulated in the policy. After trial, judgment was rendered in favor of plaintiff for $112.50, the optional cash benefit provided for in the policy, plus 12% penalty thereon and $500 attorney’s fees. Defendant perfected a suspensive appeal. Plaintiff answered the' appeal praying for an increase in the attorney’s fees because of the additional services required by the appeal. We amend the judgment of the district court to pro *681 vide for additional attorney’s fees and, as so amended, affirm the judgment of the district court.
The 20 year term funeral service policy in question was originally issued by Colored Funeral Service Association to Mary Smith in 1943 and was reissued by the Association in 1963. In 1972, the policy was assigned to the defendant company, which assumed the obligations of the Association under the policy.
The policy provides that the Association agrees to provide a funeral service equal in retail value to the amount indicated in Schedule A, the amount of insurance shown in Schedule A being $150. The policy provides that the funeral benefit “ . . . shall consist of: Casket, preparation of body, burial garment, suit or dress, use of funeral parlor, cemetery equipment and the hearse service.” The policy contains the following optional settlement provision:
“OPTIONAL SETTLEMENT: Should the Insured’s death occur beyond a radius of fifty (50) miles of the authorized Funeral Director or in the event it becomes impossible or impractical to provide the Funeral Service the Association shall in lieu thereof pay a cash amount equal to seventy-five percent (75%) of the Funeral Benefit in effect at the date of death.”
Mary Smith died October 4, 1974 in Shreveport and the family arranged for funeral services to be provided by Winn-field Funeral Home. The insurance company was subsequently notified of the insured’s death and a claim was made for payment of the optional cash benefit of $112.50. The claim was rejected and this suit followed.
It was stipulated at trial that the premiums paid by Mary Smith from 1943 to 1974 totaled $735.08.
It was convincingly established at the trial by the testimony of plaintiff, his wife and his son, without any conflicting evidence by defendant, that agents of the insurer who collected premiums over the years repeatedly assured plaintiff and his mother the insured could be buried by any funeral home of their choice and the insurer would pay the cash amount provided in the policy.
It was established at the trial by the testimony of defendant’s general manager that the insurance company had an arrangement with Pioneer Funeral Home in Shreveport to provide funeral services in connection with the defendant’s policies. It was also established, however, that Pioneer Funeral Home is not a modern funeral home and lacks adequate facilities for providing suitable funeral services. Defendant’s general manager conceded these facts and further conceded that the services called for by the insurance contract could not be provided for $150 and the services could only be provided at a loss to the insurance company.
On appeal, defendant contends it has no liability under the policy because it was not given the opportunity to provide services through Pioneer Funeral Home and that under the terms of the policy the insurance company alone has the option of making a cash payment if it determines the furnishing of the services to be impractical or impossible. Defendant points out that LSA-R.S. 22:253 as it existed in 1963 when the policy was reissued did not require payment of the cash amount if the funeral services are not provided for any reason as is now required by the statute since its amendment in 1972. Defendant argues the decision of the district court awarding the cash benefit in this case gives retroactive effect to the 1972 amendment.
A consideration of the effect of the statute, either before or after its amendment, is not necessary to a decision of this case. Defendant’s contentions are not well taken for at least two reasons which do not involve application or interpretation of the statute.
*682 First of all, it was established that the insurer’s agents repeatedly assured the plaintiff-beneficiary and the deceased-insured that the cash benefit would be paid regardless of which funeral home was used. Defendant is bound by the representations of its agents. The representations of the agents are not inconsistent with the terms of the policy, particularly in view of the established facts that the defendant-insurer was not in a position to offer suitable funeral services at the funeral home with which it had an arrangement, or at any funeral home for the amount of insurance stipulated in the policy.
Secondly, under the express terms of the policy the cash amount is payable by the insurer in the event it becomes impossible or impractical to provide the funeral services called for by the policy. The evidence establishes it was impractical for the defendant insurance company to provide the services in this instance. The funeral home selected by it was unsuitable. The amount of insurance could not possibly cover the cost of the services to be provided. It was to the economic advantage of the insurance company to make the cash payment rather than to provide the funeral services and the company surely would have made an election to pay the cash benefit had it been given the choice initially. It would have been impractical to provide the services and under the policy provisions the cash benefit is due the beneficiary.
In awarding $500 attorney’s fees the district court noted that the arbitrary refusal of defendant to pay the cash benefit necessitated the employment of counsel by plaintiff. The district court noted that the $500 awarded was not actually sufficient to properly compensate counsel for the services rendered at that time. Defendant’s appeal has necessitated the performance of additional services by plaintiff’s attorney. Additional attorney’s fees in the amount of $350 will be granted.
For the reasons assigned, the judgment of the district court is amended to increase the award for attorney’s fees from $500 to $850 and as amended is affirmed.
Amended, and as amended, affirmed.